UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BLUE STAR PRESS, LLC, f/n/a PCG Publishing Group, LLC, | § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | SA-17-CA-111-OLG (HJB) |
| SEAN BLASKO, CHEVEUX ROUX, LLC, CATHOLIC ART PUBLISHERS, LLC, HP PUBLISHERS, LLC, and SCRSM ENTERPRISES, LLC, | | |
| Defendants. | | |

**ORDER**

The following matters are before the Court:

(1)   Sada Lewis' Motion for Protective Order (Docket Entry 159);

(2)   Plaintiff's Motion to Quash Subpoena to Sarah Snyder (Docket Entry 163);

(3)   Sada and Reagan Lewis's Motion to Enforce Terms of Settlement Agreement (Docket Entry 165); and

(4)   Plaintiff's Motion for Additional Time to Depose Reagan Lewis (Docket Entry 166).

Pretrial matters in this case have been referred to the undersigned for consideration. (*See* Docket Entry 82.)

A hearing on the above motions was held on March 27, 2018. In accordance with the Court's rulings at the hearing, it is hereby **ORDERED** as follows:

(1)   Sada Lewis' Motion for Protective Order (Docket Entry 159) is **GRANTED**.

(2) Plaintiff's Motion to Quash Subpoena to Sarah Snyder (Docket Entry 163) is **GRANTED IN PART** and **DENIED IN PART**. The motion is **DENIED** with respect to Questions 7, 8, and 9 of the subpoena; the remainder of the motion is **GRANTED**.

(3) Sada and Reagan Lewis's Motion to Enforce Terms of Settlement Agreement (Docket Entry 165) is **DENIED WITHOUT PREJUDICE** to seeking discovery, or resolving other disputes under the settlement agreement, by the mechanisms set out in that agreement. (*See* Docket Entry 177-2.)

(4) Plaintiff's Motion for Additional Time to Depose Regan Lewis (Docket Entry 166) is **DENIED**.

It is **FURTHER ORDERED** that no expenses or attorney's fees will be awarded at this time. However, the parties and their counsel are admonished that, should the Court be called upon to resolve further discovery disputes, the Court will strictly apply the terms of Federal Rule of Civil Procedure 37(a)(5), which, in all but three circumstances, requires that attorney's fees and other expenses be awarded against the losing party, the party's attorneys, or both. Applying this Rule may require the Court to require affidavit evidence or hold an evidentiary hearing to determine whether a party, or the party's counsel, is responsible for conduct violating the parties' discovery obligations.

**SIGNED** on March 27, 2018.

Henry J. Bemporad
United States Magistrate Judge